August 9, 2022

CM/ECF

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St., Room 701
New York, NY 10007

      Re:    <u>*Lohnn v. International Business Machines Corporation*, No. 1:21-cv-06379-LJL</u>

Dear Judge Liman:

Plaintiff Denise Lohnn (Executor of the Estate of Jorgen Lohnn, Deceased) and Defendant International Business Machines Corporation ("IBM") submit this letter in response to the Court's July 19, 2022, order. *See* ECF No. 76. As detailed further below, the Court directed the parties to address whether—before entering the parties' joint stipulation of voluntary dismissal—the Court "should not now consider the proposed redactions and objections" regarding Plaintiff's summary judgment declarations and supporting exhibits. *See id.* (citing ECF Nos. 47, 48, and 49).[1]

**<u>Plaintiff's position</u>**:

Plaintiff does not take a position on the issues relating to unsealing, in light of the parties' settlement.

**<u>IBM's position</u>**:

IBM's position, which is explained in more detail below, is that in light of the parties' settlement and stipulated voluntary dismissal of the case, the declarations and exhibits are not judicial documents subject to the presumption of public access because the Article III judicial power was not—and now cannot be—exercised as to those materials. In addition, any presumption of public access in this situation would be weak and easily overcome (given the important judicial interests in encouraging settlement). For these reasons, IBM respectfully requests that the Court permit the joint stipulation of dismissal to be entered without taking any action regarding the declarations and exhibits. If the Court disagrees, however, IBM requests that the Court stay its decision for 30 days plus the pendency of any appeal in order to preserve the status quo and allow for orderly appellate review.

**Background**

---

[1] In its July 19 Order, the Court cited docket numbers containing the declarations at issue. *See* ECF No. 76 at 1 (citing to Dkt. Nos. 16, 19, 33, 37). These same declarations are also filed under seal with limited redactions at two additional docket entries. *See* ECF. Nos. 44-3, 44-5.

Hon. Lewis J. Liman
August 9, 2022
Page 2

In 2021, Plaintiff filed this lawsuit "seeking a declaratory judgment that certain provisions in the arbitration agreement Plaintiff's [deceased husband] signed with IBM were invalid and unenforceable." *Lohnn v. Int'l Bus. Machs. Corp.*, No. 21-cv-6379, 2022 WL 36420, at *1 (S.D.N.Y. Jan. 4, 2022). The parties proposed—and the Court approved—a briefing schedule that permitted the parties to brief IBM's motion to dismiss and Plaintiff's summary judgment motion simultaneously. *Id.* at *2. In connection with her summary judgment briefing, Plaintiff filed two declarations, along with accompanying exhibits (exhibits 10-44), provisionally under seal in light of IBM's view that they contained confidential arbitration information. *See* ECF Nos. 16, 33. The parties thereafter submitted briefs regarding which, if any, materials are subject to disclosure under the public access doctrine.

On January 4, 2022, the Court issued an opinion holding that all summary judgment materials must be unsealed with limited redactions. *Lohnn*, 2022 WL 36420, at *19. IBM sought interlocutory review, ECF No. 43, but in the meantime, the parties complied by conferring over redactions that the Court described in its January 4 Order and then filing the materials with proposed redactions under seal for the Court's review. The parties also submitted letters that outlined their respective positions on the proposed redactions to the Plaintiff's declarations and exhibits 10-44 attached thereto. ECF Nos. 44, 47-49.

On February 10, 2022, the Court directed the parties to file publicly the redacted versions of the summary judgment briefs, Plaintiff's Rule 56.1 statement of material facts, and IBM's Rule 56.1 counterstatement of material facts on the public docket. ECF No. 53. The Court, however, did not take action on Plaintiff's two sealed declarations and their accompanying sealed exhibits. Instead, the Court stated that it would "address in a separate order the proposed redactions to the declarations of Shannon Liss-Riordan and the exhibits to those declarations." *Id.* at 2.

On March 31, 2022, the parties reached a tentative settlement agreement and jointly requested—and the Court entered—"a full stay" of proceedings. ECF No. 63 at 1. In their request, the parties informed the Court that they had "reached a tentative resolution" and that Plaintiff "anticipate[d] filing a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41 in the coming weeks." *Id.* The parties thus requested that the Court "issue no further decisions, including any decisions relating to the January 4, 2022 Order," and informed the Court of their agreement that "a stay will further the interests of judicial economy and efficiency and facilitate the final resolution of this matter." *Id.* The Court granted the request and stayed proceedings until April 29, 2022. ECF No. 64. On three subsequent occasions, the parties requested—and the Court granted—continuations of the full stay as the parties worked to finalize their settlement. *See* ECF Nos. 65, 66, 67, 71, 72, 73. In total, the stay has now been in effect for four months, and the sealed declarations and exhibits have remained sealed for seven months following the Court's January 4 order.

While the stay was pending, the parties finalized their out-of-court settlement and, on July 15, 2022, jointly filed a stipulation of voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 74, *as corrected by* ECF No. 75. The same day, the

parties jointly filed a stipulation to voluntarily dismiss IBM's pending interlocutory appeal, as to which the Second Circuit entered its mandate of dismissal on July 25. ECF No. 77.

The District Court Clerk's Office thereafter referred the stipulation to the Court for approval. On July 19, 2022, the Court issued an order stating that, "[b]efore the Court lifts the stay in this case and so-orders the stipulation of dismissal, the Court must address the proposed redactions to the declarations of Shannon Liss-Riordan and any exhibits to those declarations." ECF No. 76. The Court thus directed the parties "to file a joint letter by August 9, 2022, and, in that letter, address their views on this issue and if there are any reasons why the Court should not now consider the proposed redactions and objections filed at Dkt. Nos. 47, 48, and 49." *Id.*

## Discussion

IBM respectfully submits that the declarations and exhibits addressed at ECF Nos. 44-3, 44-5, 47, 48, and 49 should remain under seal. This is so for two independent reasons. First, due to the parties' out-of-court settlement, the declarations and exhibits are not judicial documents subject to the presumption of public access because now there "never can be[] a judicial decision-making process that would trigger the public's right to access the undecided motions and the documents relevant to them." *Giuffre v. Maxwell*, No. 15 Civ. 7433 (LAP), 2020 WL 133570, at *2 (S.D.N.Y. Jan. 13, 2022). Second, even if there were a presumption of public access to these materials, it would be weak because they never had and never will have any "'role … in the exercise of Article III judicial power,'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Any weak presumption of access that may exist would be overcome by "the important policy interests favoring the settlement of litigation." *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 172 (2d Cir. 2012). For these reasons, the declarations and exhibits should remain under seal and the Court should take no further action regarding them.

*First*, following the parties' out-of-court resolution of this matter, the declarations and exhibits are no longer judicial documents subject to the presumption of public access. As the Court previously noted, "[a] judicial document … is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Lohnn*, 2022 WL 36420, at *6 (internal quotation marks omitted). Thus, "[t]o determine what counts as a judicial document, a court considers 'the relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [document] would materially assist the public in understanding the issues before the … court, and in evaluating the fairness and integrity of the court's proceedings.'" *Id.* (internal quotation marks omitted). In its January 4 opinion, the Court held that the declarations and exhibits—together with Plaintiff's summary judgment briefs—were judicial documents because they "ask[ed] the Court for the ultimate relief any court can grant—a judgment in her favor." *Id.* at *9. And "[t]he entry of judgment," the Court continued, "is integral to the judicial function." *Id.*

In light of the parties' out-of-court settlement and stipulated dismissal of this litigation, however, Plaintiff no longer seeks such a judgment, the Court has no occasion to exercise the judicial function, and thus, the declarations and exhibits are not judicial documents. That is the lesson from the recent decision in *Giuffre*, issued by another judge on this Court. There, the

Hon. Lewis J. Liman
August 9, 2022
Page 4

Court addressed whether "undecidable motions"—that is, "motions that were rendered moot by settlement of a case"—"can be judicial documents." 2020 WL 133570, at *3 n.3. The Court said no. "[A] document may only be judicial in nature—and thus subject to the presumption of public access—if it is somehow relevant to the exercise of the judicial power vested in the federal courts by Article III of the Constitution." *Id.* at *2. But "'[w]ithout a suit, without parties,' [] 'the judicial power is absent.'" *Id.* As a result, "[w]ith respect to motions left undecided" at the time of settlement, there "now never can be[] a judicial decision-making process that would trigger the public's right to access the undecided motions and the documents relevant to them." *Id.* In short, "the presumption exists to monitor judicial *decision-making*." *Id.* at *3. But here, after the settlement—as in *Giuffre*—"there is simply no decision to be made, no exercise of the judicial power that can take place, and no court action for the public to monitor." *Id.*

The holding of *Giuffre* explains why Your Honor was correct not to release the sealed summary-judgment exhibits in this case after the parties informed the Court that they had reached a tentative settlement and requested a stay and that the Court "issue no further decisions" four months ago. ECF No. 63 at 1. Even though Your Honor had determined that the exhibits were judicial documents previously, while a live summary-judgment motion was pending, the relevant circumstances changed when the parties reached a settlement and asked for the case to be stayed. At that point, it was no longer the case that the sealed exhibits were relevant to any issue the court was being asked to decide.

Just last week, another judge on this Court endorsed the holding of *Giuffre* and held that confidential summary-judgment exhibits were not judicial documents after the grant of a motion to dismiss. *See In re: IBM Arbitration Agreement Litig.*, No. 21-CV-6296 (JMF), 2022 WL 3043220, at *2 (S.D.N.Y. Aug. 2, 2022). In that case, the Court explained that after the case was dismissed without any resolution of the summary-judgment motion, the confidential summary-judgment exhibits had "no 'tendency'—or, for that matter, ability—'to influence [the Court's] ruling on [IBM's] motion,'" and thus they were "not 'judicial documents' subject to a presumption of public access." *Id*. The same is true here in light of the settlement and stipulated dismissal.

IBM notes that *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), is not to the contrary. The specific question in *Bernstein* was whether "a complaint" is a judicial document post-settlement. *Id*. at 139. The court held that it was, explaining that "[e]ven in the settlement context, the inspection of pleadings allows the public to discern the prevalence of certain types of cases, the nature of the parties to particular kinds of actions, information about the settlement rates in different areas of law, and the types of materials that are likely to be sealed." *Id.* at 140. Here, however, Plaintiff's complaint is already a matter of public record. Indeed, other documents beyond the pleadings are also public, because this Court already ordered the parties to file publicly the narrowly redacted versions of the dispositive motion briefing and Rule 56.1 statement and counterstatement. All that remains sealed are the declarations (substantially redacted on the public docket) and exhibits 10-44 (entirely under seal), which are not pleadings and thus do not serve the interests recognized in *Bernstein*.

For these reasons, therefore, it is IBM's position that the sealed portions of the declarations and exhibits 10-44 should remain sealed because they are no longer judicial documents subject to the presumption of public access.

*Second*, even if a presumption of public access did attach to the declarations and exhibits, it would be weak and easily overcome by the significant policy interests favoring settlement of litigation.

To begin, any presumption of public access would be virtually non-existent. "[O]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lohnn*, 2022 WL 36420, at *7 (quoting *Lugosch*, 435 F.3d at 119). And the weight "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* As just explained, however, the declarations and exhibits played—and will play—*no* role in this Court's exercise of the Article III judicial power, because the parties' out-of-court settlement ends the litigation. Unsealing the declarations and exhibits, therefore, would yield no "resultant value" to those seeking to understand any judicial decision. *Id.* As a result, any presumption of public access would be exceedingly "weak." *In re: IBM Arbitration Agreement Litigation*, 2022 WL 3043220, at *2.

Any such weak presumption would be easily overcome here. "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Lugosch*, 435 F.3d at 120. Although there is no exhaustive list of "countervailing factors," one factor is "'judicial efficiency.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). In that vein, federal courts have long "recognize[d] the important policy interests favoring the settlement of litigation." *Rates Tech. Inc.*, 685 F.3d at 172; *see also Williams v. First Nat'l Bank of Pauls Valley*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."); *Hawthorne v. Eckerson Co.*, 77 F.2d 844, 847 (2d Cir. 1935) ("Settlements have always been looked on with favor[.]"). That recognition flows in part from "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). It also flows from "the dictates of Rule 1 of the Federal Rules of Civil Procedure, which directs courts 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Carson Optical, Inc. v. Hawk Imps., Inc.*, No. CV 12-1169, 2013 WL 5740452, at *4 (E.D.N.Y. Oct. 10, 2013) (quoting Fed. R. Civ. P. 1).

Here, the important policy interests favoring the settlement of litigation would overcome any presumption of public access. In particular, IBM entered into a settlement to fully resolve the dispute and halt the litigation, including by requesting, jointly with Plaintiff, that the Court "issue no further decisions." ECF No. 63 at 1. The parties requested the stay to "facilitate the final resolution of this matter" *(id.*), and the Court granted the request (ECF No. 64 at 1). Consistent with their request that "no further decisions" issue (ECF No. 63 at 1), the parties effected the voluntary dismissal of the case by filing the dismissal under the provision of Rule 41 authorizing dismissal "without a court order." Fed. R. Civ. P. 41(a)(1)(A)(ii). In resolving the dispute, IBM relied on the full stay of proceedings that this Court granted, and that had been in effect for more

than three months—keeping the declarations and exhibits sealed pending settlement—as well as the Court's granting of the parties' request that it "issue no further decisions, including any decisions relating to the January 4, 2022 Order," ECF No. 63 at 1. Under these circumstances, "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies," *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 111, would be well served by enabling the parties through their settlement to halt the litigation with no further decisions and avoid the cost and burden of subsequent proceedings relating to any additional decisions, such as an appeal of any decision relating to the January 4, 2022 Order, and obviating the need for the Court to decide whether it agrees with Plaintiff's or IBM's positions as to the proper redactions to apply to the declarations and exhibits 10-44. These important policy interests favoring settlement would easily overcome any presumption of public access and counsel in favor of no further judicial action.

In addition, the weak presumption of public access in this situation would also be overcome by the judicial interest in upholding arbitral "confidentiality provisions" protected by the Federal Arbitration Act, as recognized in *In re: IBM Arbitration Agreement Litig.*, 2022 WL 3043220, at *2. Indeed, the interest in protecting arbitral confidentiality is a "strong 'competing consideration[]' that favor[s] maintaining these documents under seal." *Id*.

In conclusion, IBM respectfully requests that the Court allow the dismissal to be entered without taking any action regarding the declarations and exhibits addressed at ECF Nos. 44-3, 44-5, 47, 48, and 49.

If the Court were inclined to reject IBM's arguments and order unsealing (in whole or in part), IBM respectfully requests that the Court stay its decision for 30 days plus the pendency of any appeal in order to preserve the status quo and allow for orderly appellate review. *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867, 2016 WL 1071107, at *1, *16 (S.D.N.Y. Mar. 18, 2016); *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133 (2d Cir. 2017) (district court "stay[ed] the unsealing of the Monitor's Report pending appellate review"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

Hon. Lewis J. Liman
August 9, 2022
Page 7

                                              Respectfully submitted,

                                              *s/ Shannon Liss-Riordan*

                                              Shannon Liss-Riordan
                                              Counsel for Plaintiffs

                                              *s/ Matthew W. Lampe*

                                              Matthew W. Lampe
                                              Counsel for Defendant